FILED

NOT FOR PUBLICATION

JUL 14 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZAVEN BILEZIKJIAN,

Plaintiff- Appellant,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA;
UNUM GROUP,

Defendants - Appellees.

No. 10-55249

D.C. No.8:07-cv-01438-AHS(AN)

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Submitted June 8, 2011[**]
Pasadena, California

Before: D.W. Nelson and IKUTA, Circuit Judges, and PIERSOL, Senior District
Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for South Dakota, Sioux Falls, sitting by designation.

Zaven Bilezikjian appeals the district court's grant of summary judgment in favor of Unum Life. Bilezikjian seeks lifetime disability benefits under the "injury" benefit portion of his various insurance policies with Unum.[****] We affirm the judgment in Unum's favor.

Bilezikjian is disabled by carpal tunnel syndrome. The parties agree the etiology of Bilezikjian's carpal tunnel syndrome is the many years of repetitive stress placed on his hands by performing orthopedic surgery. According to California case law "accidental bodily injury" requires a sudden event causing an identifiable injury. *Gin v. Pennsylvania Life Ins. Co.*, 134 Cal. App. 4th 939, 944, 36 Cal. Rptr. 3d 571, 575 (2005); *Alessandro v. Massachusetts Casualty Ins. Co.*, 232 Cal. App. 2d 203, 208, 42 Cal. Rptr. 630, 633 (1965). There is no convincing evidence the California Supreme Court would not follow *Gin*. *Chalk v. T-Mobile U.S.A., Inc.*, 560 F.3d 1087, 1092 (9th Cir. 2009). Because no sudden event was responsible for Bilezikjian's carpal tunnel syndrome, the district court did not err in determining that his condition did not fall within the policy's "injury" coverage. Further, because the clause at issue arises in a disability insurance policy rather

---

[****]"Injury" is defined in the policies as "accidental bodily injury occurring while this policy is in force."

2

than in the double-indemnity provision of a life insurance policy, we are not persuaded that the California courts would interpret the term "accidental" to require coverage for all unintended injuries. *Cf. Weil v. Federal Kemper Life Assurance Co.*, 7 Cal. 4th 125, 140, 27 Cal. Rptr. 2d 316, 324, 866 P.2d 774, 782 (1994).

Interpretation of an insurance policy is a question of law. *Waller v. Truck Ins. Exchange Co.*, 11 Cal. 4th 1, 18, 44 Cal. Rptr. 2d 370, 378, 900 P.2d 619, 627 (1995). The meaning of the terms of an insurance policy are to be determined by looking first "to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *Id.*; Cal. Civ. Code § 1638. The language at issue must be construed in context within the policy, and will not be found to be ambiguous in the abstract. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1265, 10 Cal. Rptr. 2d 538, 545, 833 P.2d 545, 552 (1992). The district court correctly found the Unum policies are not ambiguous.

**AFFIRMED.**